_____ RECEIVED
_____ ENTERED        _____ SERVED ON
              COUNSEL/PARTIES OF RECORD

MAY 1 1 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:12-cr-00023-RCJ-VPC-1 |
| XOCHITL GARCIA-SANTANA, | ) ) | ORDER |
| Defendant. | ) ) | |
| _____ | ) | |

Defendant Xochitl Garcia-Santana has been indicted for a single count of Illegal Reentry After Deportation, 8 U.S.C. § 1326(d). Defendant has moved to dismiss the indictment based upon a due process violation in the underlying deportation proceedings. For the reasons given herein, the Court denies the motion.

## I.      LEGAL STANDARDS

"A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047–48 (9th Cir. 2004) (citing *United States v. Mendoza-Lopez*, 481 U.S. 828, 837–38 (1987)). "In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998). To sustain a collateral attack under § 1326(d), a defendant must demonstrate (1) that he exhausted all administrative remedies

1   available to him to appeal his removal order, (2) that the underlying removal proceedings at

2   which the order was issued improperly deprived him of the opportunity for judicial review, and

3   (3) that the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). An underlying

4   removal order is "fundamentally unfair" if: "(1) [a defendant's] due process rights were violated

5   by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of

6   the defects." *Ubaldo Figueroa*, 364 F.3d at 1048 (quoting *Zarate-Martinez*, 133 F.3d at 1197).

7   "An alien is barred under 8 U.S.C. § 1326(d) from collaterally attacking his underlying removal

8   order as a defense to § 1326 charges 'if he validly waived the right to appeal that order during

9   the deportation proceedings,'" *id.* (quoting *United States v. Muro-Inclan*, 249 F.3d 1180, 1182

10  (9th Cir. 2001)), but such a waiver is invalid if it did not comport with due process, i.e., if it was

11  not "considered and intelligent," *id.* (quoting *Muro-Inclan*, 249 F.3d at 1183–84).

12  **II.    ANALYSIS**

13          Defendant argues that the Government may not in the present § 1326 prosecution rely

14  upon the May 1, 2002 Final Administrative Removal Order (the "Removal Order"), because the

15  immigration judge ("IJ") incorrectly informed Defendant that she was not eligible for

16  discretionary relief under former § 212 of the Immigration and Naturalization Act ("INA"), and

17  that she could have shown a plausible ground for relief under former INA § 212 at that time.

18  *See Ubaldo Figueroa*, 364 F.3d at 1048 (citing *United States v. Arrieta*, 224 F.3d 1076, 1079

19  (9th Cir. 2000) (holding that a Defendant need not show that he would have been granted relief,

20  but only that he had a plausible ground for relief)). Defendant argues that the IJ incorrectly

21  informed her that she was ineligible for discretionary relief based upon the IJ's incorrect finding

22  that Defendant's conviction for Conspiracy to Commit Burglary under Nevada Revised Statutes

23  ("NRS") sections 199.480 and 205.060(1) constituted an aggravated felony under 8 U.S.C.

24  § 1101(a)(43).

25          A misdemeanor under state law—the crime at issue here was a gross misdemeanor under

1    Nevada law—may qualify as an aggravated felony under § 1101(a)(43). *United States v.*

2    *Robles–Rodruiguez*, 281 F.3d 900, 902–03 (9th Cir. 2002).  When determining whether a crime

3    under state law is an aggravated felony under the meaning of § 1101(a)(43), a court uses a two-

4    step approach.  First, a court examines whether the crime as defined by state law is categorically

5    an aggravated felony under § 1101(a)(43), i.e., whether a person convicted of the state offense

6    has necessarily committed an aggravated felony as defined by § 1101(a)(43) in all cases; this is

7    the "categorical approach." *E.g., United States v. Guerrero-Velasquez*, 434 F.3d 1193, 1195 (9th

8    Cir. 2006) (citing *Taylor v. United States*, 495 U.S. 575 (1990)).  If this is not the case, i.e., if it

9    is possible to be convicted of the state crime without committing an aggravated felony under

10   § 1101(a)(43), a court examines whether the record indicates that the circumstances of the

11   particular crime at issue make it an aggravated felony in the case at issue; this is the "modified

12   categorical approach." *See id.* at 1195–96 (citing *Taylor*, 495 U.S. at 602; *United States v.*

13   *Corona–Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc)).

14        Subsection (a)(43)(U) explicitly includes as aggravated felonies any conspiracy to

15   commit any of the other offenses enumerated in subsection (a)(43). *See* 8 U.S.C. §

16   1101(a)(43)(U).  Subsection (a)(43)(G) includes "a theft offense (including receipt of stolen

17   property) or burglary offense for which the term of imprisonment [is] at least one year." *See id.* §

18   1101(a)(43)(G).  Therefore, a conspiracy to commit burglary for which a defendant is

19   imprisoned for at least one year is an aggravated felony under the statute.  In this case,

20   Defendant was sentenced to exactly one year of imprisonment for the underlying crime.  The

21   only remaining question is whether burglary under NRS section 205.060(1) satisfies the federal

22   common law definition of burglary (or a "theft offense") in all cases or at least in this case.

23        The Government concedes that Nevada's burglary statute is overbroad under the

24   categorical approach but argues that in this case the burglary satisfies the federal common law

25   definition of burglary, or at least of a "theft offense," under the modified categorical approach.

1    The Information filed in state court accuses Defendant of conspiring to enter a Sears store in

2    Reno, Nevada with the intent to commit larceny therein.  The Ninth Circuit has held under a

3    modified categorical approach that a state law conviction for burglary qualifies as an aggravated

4    felony as a theft offense under § 1101(a)(43)(G) when an entry is committed with an intent to

5    commit larceny. *See Ngaeth v. Mukasey*, 545 F.3d 796, 802 (9th Cir. 2002).  In other words,

6    although the state law crime is entitled "burglary," it is the nature of the crime as compared

7    against the definitions in § 1101(a)(43) that determines whether it is an aggravated felony for the

8    purposes of deportation proceedings.  Here, the crime as charged in the Information, the facts of

9    which Defendant allocuted to at sentencing, satisfies the definition of conspiracy to commit a

10   "theft offense" as defined in § 1101(a)(43)(G) and (U).  The burglary statute covers such a

11   crime, and, critically, that is what happened in this case according to the record.  Had the

12   conspiracy been to assault a person, to commit vandalism, or to commit some other crime once

13   inside, there might not have been an aggravated felony, though there may still have been a

14   conspiracy to commit burglary under state law.  But because the burglary in this case was

15   predicated upon a theft, Defendant conspired to commit a "theft crime" under the meaning of the

16   federal statute.  One edge of the sword representing the federal-common-law approach to

17   determining aggravated felonies under § 1101(a)(43) is that a state cannot use talismanic labels

18   such as "burglary" in its criminal code to create automatic consequences under federal law.  But

19   the other edge of the sword is that a defendant cannot avoid consequences under federal law by

20   referring to the labels a state applies in its criminal code.  The Court respectfully disagrees that

21   there is any philosophical or legal difference between conspiring to commit a larceny and

22   "conspiring to intend to commit a larceny," as Defendant argues.  Conspiring is an act of

23   agreeing.  "Agreeing to intend to do something" is simply a roundabout way of saying "agreeing

24   to do something."  The IJ therefore did not err in informing Defendant that she was not entitled

25   to discretionary relief under former INA § 212, the entry of the Removal Order was not

1   fundamentally unfair under the Fifth Amendment, and the Court will not dismiss the Indictment.

2                                    **CONCLUSION**

3         IT IS HEREBY ORDERED that the Motion to Dismiss Indictment (ECF No. 15) is

4   DENIED.

5         IT IS SO ORDERED.

6   Dated this 11th day of May, 2012.

7

8                                    ROBERT C. JONES
                                     United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25